IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARVIN STEVENSON AND
SALLIE STEVENSON                                                                    PLAINTIFFS

V.                                                              CAUSE NO. 1:15-CV-00037-SA-DAS

HSBC BANK USA, N.A., et al.                                                         DEFENDANTS

MEMORANDUM OPINION

This cause comes before the Court on Plaintiff's Motion to Remand [13]. The Court, having considered the memoranda and submissions of parties, along with other pertinent authorities, finds as follows:

Factual and Procedural Background

This action arises from the foreclosure and subsequent sale of Plaintiffs Marvin and Sallie Stevenson's home. In late 2008/early 2009, Plaintiffs began falling behind on their mortgage payments to Bank of America, N.A. ("BANA"). In an attempt to save their home, Plaintiffs requested a loan modification to lower their monthly rate. BANA allowed Plaintiffs to participate in a Trial Payment Plan ("TPP") for its loan modification program. The TPP was originally intended to last three months, during which the Plaintiffs' payments would be reduced from $1,033.01, the regular payment amount, to $553.56. Though the TPP Agreement was only for November 2009, December 2009, and January 2010, Plaintiffs continued to pay the reduced amount until May 2010 when they received a letter from BANA stating that their permanent loan modification application had been denied. Plaintiffs claim that BANA accepted every modified payment without objection until the denial letter in May of 2010, which stated that the denial was due to Plaintiffs' failure to produce certain requested documentation. However, Plaintiffs

contend that their failure to produce the requested documentation was due to the fact that such documentation did not exist.

The Bank's letter also stated that Plaintiffs could opt to pursue a "short sale" of the property. Plaintiffs allege that they attempted to contact BANA to hold the "short sale" in an attempt to avoid a negative credit rating, but BANA failed to respond to their inquiries. In July 2010, Plaintiffs received notice that their payment was reverting to the pre-TPP Agreement amount of $1,033.01. The house then went into foreclosure. According to the Complaint [2], ReconTrust Company, N.A. ("ReconTrust") sold the property to HSBC Bank USA, N.A. ("HSBC") in October 2011; HSBC then conveyed the property to Bobo Properties, LLC in September 2012; and Bobo Properties, LLC conveyed the property to Defendant Mary Slater in February 2013.

Plantiffs initiated this action in the Circuit Court of Lowndes County, Mississippi on October 10, 2014, seeking to hold Defendants HSBC, BANA, and ReconTrust liable for tortious conduct; negligence and/or gross negligence; breach of contract; and wrongful, illegal, and/or fraudulent foreclosure. As to Defendant Mary Slater, Plaintiffs assert state law claims for trespass and ejectment.

Defendants HSBC, BANA, and ReconTrust are all foreign corporations.[1] However, like Plaintiffs, Defendant Slater is a Mississippi resident. Prior to answering the Complaint, Defendants removed to this Court claiming federal subject matter jurisdiction based on diversity of citizenship. Defendants contend Defendant Slater was improperly joined and her citizenship should not be taken into account in determining the existence of diversity jurisdiction.

---

[1] In the Complaint, Plaintiffs concede that for purposes of diversity jurisdiction, HSBC is a citizen of New York, BANA is a citizen of North Carolina, and ReconTrust is a citizen of Texas.

Standard

"[F]ederal courts are courts of limited jurisdiction." *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995) (internal citations omitted). Moreover, the Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Analysis and Discussion

*Improper Joinder*

The doctrine of improper joinder provides a narrow exception to the rule of complete diversity. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). Improper joinder

3

is defined as "[t]he bad faith joinder of a party, usu[ally] a resident of the state, to prevent removal of a case to federal court." BLACK'S LAW DICTIONARY 10th (2014); *see generally Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004). Where a party has been improperly joined, the Court may disregard the improper party's citizenship in determining diversity jurisdiction. *See Smallwood*, 385 F.3d at 573. If, however, the foreign defendant fails to prove that joinder was improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is granted. *Id.* at 575.

A removing party may show improper joinder of a non-diverse defendant, allowing dismissal of that party and the exercise of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), by showing either: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood* 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The Fifth Circuit has emphasized that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573.

> The Fifth Circuit has explained that:
>
> [T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573. "If there is an arguably reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Travis*, 326 F.3d at 648. Still, the possibility that a state court could find liability must be reasonable rather than merely theoretical. *Id.* Furthermore, "[t]he burden of persuasion on a party claiming

4

improper joinder is a heavy one." *Campbell v. Stone, Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).

In determining whether there exists a reasonable basis to predict that a state court might impose liability, "[t]he [C]ourt may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether a complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Joinder will usually be proper so long as the plaintiff can survive a Rule 12(b)(6) challenge. *Id.* However, if the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* There is no evidence that Plaintiffs here have misstated or omitted facts. Therefore, the Court will conduct a Rule 12(b)(6) analysis in determining whether joinder is proper.

*Trespass & Ejectment*

"A trespass to land is committed when a person intentionally invades the land of another without a license or other right." *Reeves v. Meridian S. Ry., LLC*, 61 So. 3d 964, 968 (Miss. Ct. App. 2011). "A civil action seeking ejectment as relief may be maintained in all cases where the plaintiff is legally entitled to the possession of the land sued for and demanded." MISS. CODE ANN. § 11-19-1.

Plaintiffs allege the foreclosure of their home was wrongful, the subsequent transfer to Slater was fraudulent, and Slater is illegally on the land without permission. It must now be determined whether nor not the complaint states factual matter sufficient to hold the Defendants liable. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (stating that the court's review under a Rule 12(b)(6) motion is limited to the complaint and the documents attached thereto). Plaintiffs contend Slater intentionally invaded their land and that

she did so without permission or other license. These allegations, if proven true could be enough to establish liability under the trespass standard as stated in *Reeves*, 61 So. 3d at 968.

Defendants argue that the Plaintiffs' failure to cure default payments stripped them of the ability to hold legal possession to the land in question. However, "Fifth Circuit authority makes it clear that the improper joinder standard is more akin to a 12(b)(6) standard than a summary judgment standard and that, at the improper joinder stage, a plaintiff's burden of producing proof in support of his claims is low." *Walton v. Tower Loan of Miss.*, 338 F. Supp. 2d, 691, 693 (N.D. Miss. 2004) (citing *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004)). An ejectment claim is "generally grounded on the same legal theory as the[] trespass claim. "*Gammill v. Deutsche Bank Nat. Trust Co.*, 2015 WL 1345304, at * 5 (N.D. Miss. Mar. 23, 2015) (citing *Johnson v. Deutsche Bank Nat. Trust Co.*, 2015 WL 144924, at *9 (S.D. Miss. Jan. 12, 2015)).

It is, therefore, of no concern to the Court whether or not Defendants' argument carries weight because a Rule 12(b)(6) determination only looks to what is stated on the face of the well-pleaded complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929, (2007) (stating that the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."). An ejectment claim is "generally grounded on the same legal theory as the[] trespass claim." *Gammill*, 2015 WL 1345304, at * 5 (citing *Johnson*, 2015 WL 144924, at *9). Much like the factual situation of *Gammill*, Plaintiffs allege that Slater did not acquire true title because the initial sale was conducted without authority, and that their title is superior to that held by Defendant Slater. Accordingly, the Court finds Plaintiff has alleged sufficient facts that success on the ejectment claim is plausible. *See Brown v. Deutsche Bank Nat. Trust Co.*, 2015 WL 3970944, at *5 (S.D. Miss. June 30, 2015) (holding that plaintiff's claim

that she was "legally entitled to the possession of the land sued for and demanded" had the possibility of success on a claim for ejectment).

In response, Defendants argue that Plaintiffs are not entitled to damages in equity when adequate damages in law are available. Defendants state that Plaintiffs should not have the ability to bring a claim for ejectment, which affords equitable relief, since they have adequate monetary damages in the rest of their claims. However, "[t]he fact that [plaintiff] may only be entitled to one of the remedies sought in [the] Complaint does not absolutely foreclose [the] ability to recover on [the] claims against the [defendants]." *Kelley v. Wells Fargo, N.A.*, 2013 WL 6178243, at *3 (S.D. Miss. Nov. 22, 2013)

In *Kelley*, 2013 WL 6178243, at *2, the plaintiff was unable to pay her monthly mortgage, but claimed the bank wrongfully foreclosed on her home. After the bank sold the home to a third party, the plaintiff brought suit against the bank for wrongful foreclosure and against the third party purchaser for trespass and ejectment. *Id.* at *3. The defendants argued, among other things, that the plaintiff, Kelley, was not entitled to possession because she admitted default on her mortgage. *Id.* The court found this argument flawed and ruled in plaintiff's favor because "a determination that Kelley did not have the standing to file claims arising out of the alleged foreclosure due to the loss of her possessory interest in the property upon default" would reach into the merits of the lawsuit, not joinder. *Id.*; *see also Smallwood*, 385 F.3d at 574-75.

This Court dealt with strikingly similar facts in *Gammill*, 2015 WL 1345304, at *1. Plaintiffs filed suit against the bank and the third party in possession of the property at issue, bringing, *inter alia*, claims for trespass and ejectment. *Id.* There, plaintiffs requested a loan modification and began a three month trial modification, similar to that given to Plaintiffs in the instant case, followed by a denial of permanent modification. *Id.* at *2-3. The bank foreclosed on

7

the home, and it was subsequently sold multiple times. *Id.* at *3. Plaintiffs argued that the third party possessor was without valid title and therefore in improper and illegal possession. *Id.* at *5. This Court found that the plaintiffs' trespass and ejectment claims would survive a Rule 12(b)(6) motion, and that the non-diverse defendant was properly joined. *Id*. This Court further stated that responding to the defendants' arguments about the plaintiffs' default status would qualify as a factual question that does not preclude remand. *Id.*

Thus, this Court finds that the claims stated by Plaintiffs would survive a Rule 12(b)(6) motion, and Slater is therefore properly joined in this action because complete diversity is not present due to Plantiffs and Defendant Slater sharing Mississippi citizenship.

*Prayer for Attorney's Fees and Costs*

Plaintiffs request that the Court award costs and fees incurred in responding to the Notice of Removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the Fifth Circuit has held that "[t]here is no automatic entitlement to an award of attorney's fees." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541-42 (5th Cir. 2012) (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees)). This Court had not yet rendered its opinion in the almost factually identical *Gammill* case at the time of Defendants' removal. Thus, the Court declines to award costs and fees in the instant case as it cannot say Defendants had no objectively reasonable basis for removal. *Steed v. Hartford Underwriters Ins. Carrier*, No. 4:14CV00147-DMB-JMV, 2015 WL 3440486, at *6 (N.D. Miss. May 28, 2015) (holding that fees should not be awarded if it is determined that the removing party had an objectively reasonable basis for removal).

Conclusion

Accordingly, whereas Defendants have failed to demonstrate that Slater was improperly joined as a defendant to this lawsuit, the Court finds that it lacks jurisdiction over this case, and Plaintiffs' Motion to Remand [13] is GRANTED. Plaintiffs' request for costs and attorney's fees incurred in filing the present motion is DENIED. This action is REMANDED to the Circuit Court of Lowndes County, Mississippi.

SO ORDERED on this, the 24th day of August, 2015.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**